**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TONY LOOS, | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| CONVERGENT OUTSOURCING, INC. | § | |
| fka ER SOLUTIONS, INC., | § | |
| | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.     This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION

2.     This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

### PARTIES

3.     Plaintiff TONY LOOS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of San Jacinto, and City of Coldspring.

4.     Defendant, CONVERGENT OUTSOURCING, INC., fka ER SOLUTIONS, INC. ("Defendant") is an entity who at all relevant times was engaged, by use of the mail and telephone, in the business of attempting to collect a "debt" from Plaintiff.

### FACTUAL ALLEGATIONS

5.     In connection with collection of an alleged debt in default, Defendant placed a telephone call to Plaintiff's cellular phone on April 28, 2011 at 12:31 P.M., and at such time,

using a pre-recorded voice, left the following voicemail message:

> "Hello this message is for Kimberly Hawkins, and my number is 800-847-2461. If you are not the person I asked for please hang up or disconnect. If you are the right person please continue to listen Kimberly Hawkins you should not listen to this message if other people can hear you because it contains private information. There will be a short pause to allow you to disconnect or listen to this message in private. By continuing to listen to this message you acknowledge that you are Kimberly Hawkins. This is Kelly Smith a debt collector from ER solutions. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me at 800-847-2461." [emphasis added].

6.     Plaintiff is not Kimberly Hawkins, nor does Plaintiff have any connection with Kimberly Hawkins.

7.     Plaintiff did not give Defendant prior express consent to contact Plaintiff's cellular telephone.

8.     Despite not having prior express consent to contact Plaintiff, Defendant placed non-emergency calls to Plaintiff's cellular telephone, including but not limited to, the following:

- May 4, 2011 at 11:23 AM
- May 9, 2011 at 11:07 AM
- May 12, 2011 at 4:25 PM
- May 16, 2011 at 10:14 AM
- May 19, 2011 at 5:21 PM
- May 23, 2011 at 4:10 PM
- May 26, 2011 at 10:31 AM
- June 9, 2011 at 10:28 AM
- June 13, 2011 at 10:55 AM
- June 25, 2011 at 10:56 AM
- July 1, 2011 at 4:19 PM

- July 14, 2011 at 9:47 AM

- July 20, 2011 at 4:36 PM

- July 23, 2011 at 10:30 AM

- August 15, 2011 at 3:37 PM

9.     Defendant willfully and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the sixteen (16) above referenced calls.

10.     Upon information and belief, Defendant placed additional calls to Plaintiff using an automatic telephone dialing system and/or an artificial or pre-recorded voice; Defendant has complete records of all such calls and is put on notice Plaintiff seeks damages for al such calls as discovery will reveal.

11.     Upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place multiple additional telephone calls, in addition those enumerated herein, to Plaintiff's cellular telephone number.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

12.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

13.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkruz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:    (888) 595-9111
Facsimile:    (866) 565-1327

*Attorney for Plaintiff*
TONY LOOS